[No. 30840. Department Two. July 8, 1949.]

MARIE MOSS, *Respondent*, v. JACK MOSS, *Appellant*.[1]

*Rummens & Griffin* and *Jones & Bronson,* for appellant.

*Ferguson, Burdell & Armstrong,* for respondent.

GRADY, J.—This action was brought by Marie Moss against her husband, Jack S. Moss, to obtain a divorce and an equitable distribution of their property. By his cross-complaint the defendant sought like relief. The court granted the plaintiff an interlocutory order of divorce and made a division of the real and personal property from which the defendant has taken this appeal.

We find it would serve no useful purpose to discuss the factual situation upon which the trial court based the interlocutory order of divorce. In his proposed findings of fact and conclusions of law, the appellant conceded conduct on his part which would entitle the respondent to the order entered by the court. We shall confine this opinion to the subject of the proper disposition of property in regard to which appellant complains.

The appellant and respondent were married December 14, 1939. No children were born to the marriage. The respondent was of the age of thirty years and the appellant fifty

[1]Reported in 207 P. (2d) 901.

years. Each party had been previously married. The respondent, prior to her marriage to appellant, had been active in business affairs and continued to be thereafter. The appellant had an extensive business experience in financial circles. Both parties had property at the time of their marriage, and each acquired additional separate property thereafter.

After marriage they found it difficult to adjust themselves to their new status and particularly with reference to the establishment of a home and normal domestic life. The appellant had been on retirement after long service with a financial institution in New York. Later he resumed some of his former activities in California, and ultimately established his residence in Seattle, where he met and married respondent. The income appellant had been receiving from his investments diminished as well as the market value of many of them. His attempts in business activities were not very successful.

Marital difficulties arose soon after marriage. Appellant became addicted to the excessive use of intoxicating liquor. Respondent deemed it necessary that she secure employment and became associated with a realtor, in which business she showed great aptitude and ability. In 1943, appellant and respondent purchased the business of a deceased realtor and actively entered into the real estate business under the name of Marie Moss Realty Company. On January 1, 1947, the business was incorporated.

There is much dispute in the testimony as to the relative efforts of the parties contributing to the success of the business and a great difference in opinion as to the degree of credit to be given the respective parties in its upbuilding. We do not feel it necessary to discuss these issues of fact or to pass upon their relative merits. We have given them consideration in connection with the findings of fact made by the trial court in arriving at our own ultimate conclusions. The properties of appellant and respondent to which we shall make reference are those connected with the corporation, those referred to in the record as income properties, and a trust fund created by them.

Soon after the corporation was formed, the parties set up what they termed a trust fund, the purpose of which was to keep the earnings of the business property separate from those of the corporation. At the time of the trial, the trust fund contained $7,393.91 of rentals and $1,000 derived from the sale of an automobile. We gather from the record that, by order of the court, the trust fund was impounded, and that pending the appeal such fund has been augmented by rentals.

The court awarded to each of the parties their respective separate properties and awarded respondent the corporate stock of the corporation, all of what is referred to as the business or income property, being lots 15 to 20, inclusive, block 19, Lake Union Second Addition to Seattle, the plat of which is recorded in vol. 3 of plats, records of King county, subject to a lien thereon in favor of appellant to secure the payment to him of the sum of $35,000, less the sum of $8,550. The court also awarded to the respondent the money in the trust fund held by the trustee, amounting to the sum of $8,393.91, and ordered her to deliver to appellant certain articles of personal property.

We do not understand that appellant makes any serious complaint about the distribution of what the court considered were the respective separate properties of appellant and respondent, but gather from his brief and argument that he feels the trial court did not properly apply Rem. Rev. Stat., § 989 [P.P.C. § 23-23], with reference to the distribution of the corporate stock and business of Marie Moss Realty, Inc., the income property, and the trust fund. The appellant requests that we also consider the probable increase in the amount of the trust fund pending appeal.

■ We have made a complete survey of the evidence submitted and have reached the conclusion that a proper application of Rem. Rev. Stat., § 989, compels a modification of the interlocutory order with reference to the division of the income property and the trust fund. The principal factors which prompt such modification are the situation in which the parties will be left by the divorce, and their re-

spective abilities to make necessary readjustments and maintain themselves and build up for their needs in advancing years.

The appellant is now about sixty years of age, and past events have shown an inability to re-establish himself in his former business activity, in which he was successful. At the time of the trial, his venture in the real estate business on his own account was not yielding much income, and its probable success seemed doubtful. His securities had depreciated in value. The respondent is about forty years of age, is in apparent good health, and has been awarded by the court a business in which she is proficient and which no doubt under her guidance and management will prove profitable in the future as in the past. We believe she has a greater ability to make a readjustment than has the appellant.

We have reached the conclusion that the trial court should have made an equal division of the income property and the trust fund, and that there should be an equal division of any increase in the trust fund pending appeal. The income property above described cannot be divided in any practical way, but all of it should be awarded to respondent impressed with a lien to the extent of one-half its value, less the sum of $8,550 above referred to. We find the value of the property to be $83,500.

We have not overlooked the fact that the appellant has offered in his brief to take the income property at a valuation of $100,000, but, after considering the evidence submitted with reference to this property, we believe the above value is the proper one upon which to base an equitable division. The interlocutory order should be modified by increasing the amount of the lien thereon from $26,450 to $33,200. The trust fund of $8,393.91 should be divided equally between the parties, as well as any increase thereof up to the time of the handing down of the remittitur in this cause.

The cause is remanded to the trial court to enter a modified interlocutory order in accordance with the views herein

expressed and to ascertain the amount, if any, the trust fund has increased since the entry of such order and make an equal division thereof. In all other respects, the order is affirmed. Neither party shall recover costs on this appeal.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.